UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS D. ESORDI,

Plaintiff,

v.

Case No:
Judge
Magistrate

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities;

Defendants.

**NOTICE FOR REMOVAL**


Brian E. Koncius (P69278)
BRIAN E. KONCIUS, P.C.
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
248.502.5000
office@kbogaslaw.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Kristi L. Pozzi
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-5499
313.961.0200
lstewart@kerr-russell.com

Benjamin J. Aloia (P54424)
Timothy G. Orlando (P41673)
Jeffrey M. Candela (P78309)
ALOIA & ASSOCIATES, P.C.
Attorneys for Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law

Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Janet I. Dunn
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
810.342.7014
aforbush@plunkettcooney.com

John J. Gillooly (P41948)
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for Macomb Township
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
kgriffith@garanlucow.com

**NOTICE FOR REMOVAL OF CAUSE TO**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TO: Brian E. Koncius, Esq.

1. On March 1, 2021, Plaintiff filed a Second Amended Complaint in the Circuit Court for the County of Macomb, State of Michigan, in which MACOMB TOWNSHIP, JANET I. DUNN and KRISTI l. POZZI, are the named Defendants.

3. Plaintiff, THOMAS D. ESORDI, is described by Plaintiff as a citizen and resident of the State of Michigan.

4. Plaintiff herein seeks recovery from Defendants, MACOMB TOWNSHIP, JANET I. DUNN and KRISTI l. POZZI, alleging violations of Plaintiff's Fourteenth Amendment rights guaranteed by the United States Constitution among other allegations.

5. This Court has original jurisdiction over Plaintiff's claims inasmuch as those claims arise under the Constitution and laws of the United States, which provide for equal rights, and this action is removable to this Court pursuant to 42 U.S.C. §1983. The entire cause is removable, including claims arising under Michigan law, pursuant to 42 U.S.C. sec 1983.

6. That this Notice for Removal is hereby filed with this Court within 30 days after receipt by Defendants, MACOMB TOWNSHIP, JANET I. DUNN and KRISTI l. POZZI, of a copy of the Second Amended Complaint,

which sets forth a claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b), having been received by Defendants, on March 1, 2021.

7. We have received permission of Co-Defendants, JANET I. DUNN and KRISTI l. POZZI, to remove this case.

8. That written notice of the filing of this Notice for Removal, has been given to the adverse party as required by law and a copy of the Notice for Removal has been filed with the Clerk of the Circuit Court for the County of Macomb, State of Michigan.

9. Attached is a copy of the Second Amended Complaint served upon Defendants, MACOMB TOWNSHIP, JANET I. DUNN and KRISTI l. POZZI, in this cause.

WHEREFORE, Defendant MACOMB TOWNSHIP, respectfully requests that this Honorable Court enter an Order removing this cause from the Circuit Court for the County of Macomb, State of Michigan to the United States District Court, Eastern District of Michigan, Southern Division.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/John J. Gillooly
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
P41948

Dated: March 15, 2021

#4344669

# ATTACHMENT

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB**

THOMAS D. ESORDI,

Plaintiff,

-v-

Case No. 20-001432-CD
Judge: James M. Maceroni

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities,

Defendants.
_________________________________________/

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
*Attorneys for Plaintiff*
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000
office@kbogaslaw.com

GARAN LUCOW MILLER, P.C.
JOHN J. GILLOOLY (P41948)
*Attorney for Defendant Macomb Township, Only*
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com

ALOIA & ASSOCIATES, P.C.
BENJAMIN J. ALOIA (P54424)
TIMOTHY G. ORLANDO (P41673)
JEFFREY M. CANDELA (P78309)
Attorneys for Defendant, Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law

KERR RUSSELL and WEBER, PLC
LAURI B. STEWART (P55014)
*Attorney for Defendant Kristi L. Pozzi, Only*
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
lstewart@kerr-russell.com

PLUNKETT COONEY
AUDREY J. FORBUSH (P41744)
*Attorney for Defendant Janet I. Dunn, Only*
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
(810) 342-7014
aforbush@plunkettcooney.com

Document received by the MI Macomb 16th Circuit Court.

______________________________________________/

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, THOMAS D. ESORDI, by and through his attorneys, BOGAS & KONCIUS P.C., and states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff THOMAS D. ESORDI is a resident of the Township of Grosse Ile, Wayne County, Michigan.

2. Defendant Macomb Township is a Michigan Municipal Corporation with its administrative offices in Macomb County located at 54111 Broughton Road, Second Floor, Macomb, Macomb County, Michigan 48042.

3. Defendant Macomb Township is an employer as defined by the Michigan Whistleblower's Protection Act, MCLA § 15.361, et seq.

4. Defendant Macomb Township is governed by a Board of Trustees consisting of seven members, a Supervisor, Clerk, Treasurer, and four Trustees.

5. Defendant Janet I. Dunn is the Supervisor and a member of the Board of Trustees and, upon information and belief, is a resident of the Township of Macomb, Macomb County, Michigan.

6. Defendant Kristi L. Pozzi is the Clerk and a member of the Board of Trustees and, upon information and belief, is a resident of the Township of Macomb, Macomb County, Michigan.

7. As the Supervisor and a member of the Board of Trustees, Defendant Dunn is an employer as defined by the Michigan Whistleblower's Protection Act, MCLA § 15.361, et seq.

Document received by the MI Macomb 16th Circuit Court.

8. As the Clerk and a member of the Board of Trustees, Defendant Pozzi is an employer as defined by the Michigan Whistleblower's Protection Act, MCLA § 15.361, et seq.

9. Defendants are not entitled to qualified or governmental immunity.

10. The amount in controversy exceeds $25,000 exclusive of interests and costs.

11. Plaintiff Esordi was employed by Defendants in Macomb County, Michigan.

12. The events giving rise to the causes of action pled herein occurred in Macomb County, Michigan.

**GENERAL ALLEGATIONS**

13. Plaintiff Esordi incorporates by reference herein the allegations contained in the preceding paragraphs.

14. Plaintiff Esordi was employed by Defendants from on or about January 11, 2017 until January 22, 2020 when he was placed on administrative leave by Defendant Dunn. (At the time of filing of this matter Plaintiff Esordi is still on administrative leave.)

15. Plaintiff Esordi had a prior working relationship with the Defendant Township as outside Labor Counsel beginning in 2011 and began handling multiple other matters for the Township in or around 2013 while employed as an attorney at the law firm of O'Reilly Rancillio increasing in amount until Defendants elected to hire him as a direct employee in 2017.

16. Plaintiff Esordi in or around November 2016, began to work with the United States Department of Justice (DOJ) related to issues in Macomb Township and concerns regarding Members of Defendant Township's Board of Trustees.

17. The Macomb Township Board of Trustees approved an employment contract with Plaintiff Esordi on or about January 11, 2017. ("Employment Contract" - attached hereto as Exhibit A)

Document received by the MI Macomb 16th Circuit Court.

18. Plaintiff Esordi was hired as Human Resources Director/General Counsel for Macomb Township on or about January 11, 2017 and, at all times, he performed satisfactorily or better in this position.

19. Plaintiff's Employment Contract provided for "Just Cause" discipline and/or termination in Paragraph 6. It states that "The township and Employee agree that all disciplinary action or discharge shall be for just cause and that disciplinary action shall be progressive except where Employee's misconduct warrants immediate termination." (Ex. A at ¶6.)

20. Plaintiff Esordi reported to and was directed by both (1) Defendant Macomb Township's Board of Trustees and (2) the Township Supervisor Defendant Dunn.

21. As Human Resources Director/General Counsel, Plaintiff Esordi was responsible for, amongst other things, overseeing all legal matters involving, or potentially involving, the Township, the administration, and the operation and general efficiency of the Human Resources Department.

22. As Human Resources Director/General Counsel, Plaintiff Esordi's duties also included, amongst other things, those required of and owed by an attorney to a client in the state of Michigan; application of all Federal and State laws and regulations governing the relationship of the Township with its employees; labor negotiations, grievance proceedings and all related matters including, but not limited to, mediations and arbitrations; supervision of district court prosecutions and all related matters including selection and retention of outside counsel to handle day to day proceedings; regularly occurring legal matters of the Township, including litigation matters; regularly review and approval of the activities and billings of outside retained counsel for the purpose of containing legal costs and expenses; plan and direct the development and administration of human resource policies, rules, and regulations affecting all personnel and

Document received by the MI Macomb 16th Circuit Court.

services including employment compensation benefits, union relations, staff development, equal opportunity, nondiscrimination, counseling, safety and personnel systems and records; plan and direct the development and administration of compensation programs; maintain an orderly system of job classifications; review requests for job reclassification, and make appropriate recommendations to the Township Supervisor and Board; coordinate benefit activities such as those concerned with communicating of employee benefits, benefit provider selection, and troubleshooting employee problems in the benefit area; analyze statistical data, and research descriptive date, including cost containment to determine trends; coordinate and direct Township compliance with the Americans Disabilities Act, Family and Medical Leave Act, Anti-Discrimination Laws, and other federal and/or state directives; administer contractual agreements with all Township personnel and advise Department Heads on the interpretation of all contractual agreements; administer the personnel program for all Township employees and any employees hired pursuant to Federal, State, or local programs and/or grants; plan and conduct new employee orientation to foster positive attitudes toward public service employment; assist in the development and administration of policies and procedures for selection, transfer, and promotion; prepare and update all job descriptions, departmental personnel forms and departmental manuals; administer all personnel and attendance records for Township employees; participate in the negotiation and administration of collective bargaining agreements including the interpretation and application of union contracts, and grievance and arbitration procedures; administer disciplinary procedures; advise Department Heads and supervisory personnel regarding appropriate disciplinary action to insure consistency and appropriateness of discipline; draft disciplinary charges for serious misconduct and participate in disciplinary review meetings at which charges are presented; represent the administration as necessary in grievance

Document received by the MI Macomb 16th Circuit Court.

proceedings; plan, prepare and administer the budget for the Human Resources Department; and appear before the Township Board when requested, and perform other related duties as directed by the Township Supervisor and/or Township Board. (Ex. A at ¶ 2)

23. On or around November 14, 2017, Plaintiff Esordi received a grand jury subpoena issued to Defendant Township and continued to work with the DOJ consistent with what he had done as outside counsel for Defendants at the time he became Defendants' direct employee.

24. In or around November 15, 2017, former Macomb Township Trustee, Dino Bucci, was indicted by the DOJ on 18 counts of conspiracy, bribery, embezzlement, extortion, mail fraud, and money laundering.

25. Plaintiff Esordi continued to work with the DOJ on matters related to Bucci consistent with what he had done as outside counsel for Defendants at the time he became Defendants' direct employee.

26. In or around October 2019, Defendant Supervisor Dunn approached Plaintiff Esordi regarding concerns about the ethics ordinance that was to be voted on at an upcoming Board of Trustees' meeting and that she was going to be in trouble and others are going to use the ethics ordinance to throw her out.

27. At the same time, Defendant Supervisor Dunn informed Plaintiff Esordi (after he notified her that he was not receiving this information as her personal counsel and no privilege attached to this communication) that she had received money from Bucci.

28. At the same time, Defendant Supervisor Dunn informed Plaintiff Esordi (again after he notified her that he was not receiving this information as her personal counsel and no privilege attached to this communication) that she believed that other employees may have knowledge of the payment she received from Bucci and may use it against her.



Document received by the MI Macomb 16th Circuit Court.

29. In meetings prior to these October 2019 events, Defendant Supervisor Dunn and Plaintiff had successfully worked closely together, often meeting multiple times a day without any animosity being directed toward him. This changed during the time that followed.

30. Upon information and belief, the Township Clerk, Kristi L. Pozzi, and the Parks & Recreation Director, Salvatore DiCaro, had been using their knowledge of Defendant Supervisor Dunn's receipt of money from Dino Bucci to coerce and force her to agree to certain matters and/or cast certain votes against her will.

31. In meetings, both with the Plaintiff alone and in interactions with other Board Members, thereafter, Defendant Supervisor Dunn began to act differently and in a manner that suggested that she was not acting based on her own beliefs but at the direction of others.

32. Defendant Supervisor Dunn began to change her stated positions on issues that were before the Board.

33. Defendant Supervisor Dunn began to defer to Defendant Clerk Pozzi in meetings and discussions of issues, often not engaging and physically appearing upset or disturbed.

34. Defendant Supervisor Dunn began to include the HR Specialist in meetings at the Defendant Clerk Pozzi's direction. The HR Specialist had not been included in such meetings prior to this time and there was no business purpose to include the HR Specialist in these meetings.

35. Further, during this time, Defendant Clerk Pozzi became increasingly hostile toward Plaintiff Esordi.

36. Defendant Clerk Pozzi was very vocal about Plaintiff to other Board Members speaking about him in a negative and disparaging way and blaming him for issues that were not in his control.

Document received by the MI Macomb 16th Circuit Court.

37. Defendant Supervisor Dunn also began to become hostile toward Plaintiff and made false accusations about him. When asked by Plaintiff about why she would make such allegations, the Defendant Supervisor Dunn looked as she had during the meeting wherein she informed Plaintiff of her concerns about taking money from Bucci, could not answer his question, and left the meeting.

38. At this time, Plaintiff Esordi believed that what Defendant Supervisor Dunn had been concerned about was, in fact, happening, i.e., she was being forced or coerced to make decisions and take actions by others rather than acting of her own free will.

39. Plaintiff Esordi reached out to the DOJ to discuss this concern and felt compelled to inform the Board that he had taken such actions as the allegations and concerns were regarding multiple members of the Board and others in the Township's employ.

40. Plaintiff, upon information and belief, was growing concerned that the Board of Trustees were not receiving all necessary information for making decisions on issues in front of them and believed that the entire Board needed to be aware of the actions regarding the DOJ.

41. Therefore, Plaintiff Esordi, on January 22, 2020, emailed the Board of Trustees a confidential memorandum indicating that he had reported information to the DOJ.

42. When Plaintiff returned to the office later that morning, within hours of sending the memorandum noted above, he went to meet with Defendant Supervisor Dunn but was told she was meeting with the Defendant Clerk Pozzi.

43. Shortly after, Defendant Supervisor came into Plaintiff's office and told him he was being placed on immediate leave.

44. When Plaintiff asked why, Defendant Supervisor answered "for circulating that email … blackmail and insubordination."

Document received by the MI Macomb 16th Circuit Court.

45. After that date, Plaintiff was informed that he would be receiving his first evaluation. Despite his contract calling for yearly evaluations, he had never received one for the two prior years and had never been informed or any issues with his performance from the Board.

46. The Board included an agenda item for its February 12, 2020 meeting: "Discussion regarding the evaluation of employee #2205." (Employee # 2205 is Plaintiff Esordi as the Board Members indicated during its meetings.)

47. This agenda item was removed from the Agenda at the start of the February 12th Board Meeting by Defendant Supervisor Dunn as she mysteriously claimed to be reading from an unsigned note that she said was from an attorney. (Though she could not answer when asked by a fellow Board member what attorney left the note.) Defendant Supervisor Dunn further sought to have the agenda items heard at a special meeting on February 19, 2020.

48. Plaintiff Esordi then received an email from the Supervisor inviting him to appear at a special meeting of the Board of Trustees on February 19, 2020. The Agenda had changed from what was proposed for the February 12, 2020 meeting. The Agenda now included a closed session meeting to "discuss the independent evaluation of employee #2205." The Agenda continued noting "Discussion and or action regarding whether or not there is just cause for discipline of employee #2205, and if so, what is the appropriate discipline up to and including discharge."

49. Plaintiff Esordi then received a letter taped to the door of his home regarding "Agenda Item: Discussion and or action whether there is just cause for discipline or employee No. 2205," stating that Plaintiff Esordi will have an opportunity to "present evidence, call witnesses or take other action you deem sufficient why discipline up to termination **<u>should not</u>** be imposed. This is your opportunity to provide your side of the story." (emphasis in original)



Document received by the MI Macomb 16th Circuit Court.

50. However, there were no specific charges or complaints that were noted against Plaintiff Esordi. Rather, the letter indicated that "[t]he evidence that has been presented to the Board for consideration are the performance evaluations…"

51. The "performance evaluations" provided to Plaintiff Esordi were unsigned.

52. The unsigned "performance evaluations" do not provide the information needed for Plaintiff to respond meaningfully. He cannot appropriately respond where he does not know who is alleged to have what issues and whether or not they could legitimately have the issues alleged. To date, Plaintiff has not been provided this information.

53. On February19, 2020, the Township Board voted to terminate Plaintiff Esordi's employment on a 4-2 vote.

54. Plaintiff was provided with the "charges" on or about February 24, 2020 concerning the actions taken by the Board in voting to terminate Plaintiff.

55. As of the time of filing of the original Complaint no Loudermill hearing had been conducted.

56. A Loudermill hearing was conducted on April 29, 2020.

57. The Board vote did not find just cause to uphold Plaintiff's termination.

58. Defendant's then interim counsel, Gregory Meihn, advised the Board that Plaintiff could return to work the next day.

59. The next day, it was agreed upon by Mr. Meihn and counsel for Plaintiff that Plaintiff would return the following Monday, May 4th and that Defendant Supervisor Dunn would have everything for his return and Plaintiff was to meet her at the Township.

60. Plaintiff arrived at work that day, called Defendant Supervisor Dunn after he saw her walk into the building to inform her that he was there.



Document received by the MI Macomb 16th Circuit Court.

61. Defendant Supervisor Dunn told Plaintiff that she was not aware of his return.

62. Upon information and belief, Mr. Meihn had communicated the news of Plaintiff's return to Defendant Supervisor Dunn and others via email prior to Plaintiff's return.

63. Defendant then unilaterally decided to keep Plaintiff on leave and was not allowed to return to work until May 11th.

64. When Plaintiff arrived at Defendant Township ready to work on May 11th Defendants.

65. Plaintiff's computer was not returned to him. Instead, a new computer without the same programs and access was provided to him

66. Plaintiff's phone was not returned to him. Instead, a new phone with a different phone number was provided to him.

67. To date, neither has been returned.

68. Plaintiff's Defendant Township credit card has not been returned to him.

69. Defendant never provided Plaintiff his badge back.

70. Materials, including paper files maintained by Plaintiff were missing from Plaintiff's office. This material included information relevant to this lawsuit.

71. Plaintiff reported this to the representative of Foley Mansfield who attended Plaintiff's return to work in place of Gregory Meihn, the former interim counsel for Defendant Township.

72. Defendants' removed Plaintiff's access and permissions to important files and systems.

73. Defendant never returned Plaintiff's access and permissions to the levels he needed to perform his job efficiently and that he had prior to filing suit against Defendants.



Document received by the MI Macomb 16th Circuit Court.

74. Defendant had removed Plaintiff's right to approve payroll for his department.

75. Defendant had removed Plaintiff's ability to make additions to the Board Meeting agenda.

76. Defendant Supervisor Dunn made a motion to terminate Plaintiff on May 13th, the first meeting since he was returned to work.

77. Defendant Supervisor Dunn made this motion though it was not an agenda item.

78. She vowed to renew it after it was not voted on and it was placed on the next agenda.

79. Defendants have not supported Plaintiff in his position upon returning to work.

80. Defendants have taken actions to undermine Plaintiff and harm his ability to do his work efficiently and effectively.

81. Defendants' moved Plaintiff's assistant to a different location further away from his desk.

82. Defendant Supervisor Dunn has demanded that Platintiff include a subordinate employee in meetings.

83. Defendant Supervisor Dunn has ignored Plaintiff in Department Head meetings and directed questions to his subordinate.

84. Defendants installed a camera and microphone immediately above Plaintiff's assistant's desk in the confidential HR and Legal area in the Supervisor's office after his return to work.

85. Defendants lied to Plaintiff when he inquired about who requested/authorized its installation, initially denying knowledge of the same.



Document received by the MI Macomb 16th Circuit Court.

86. Defendant Supervisor Dunn has had all locks changed and thereby restricted Plaintiff's movements within the workplace where he had no such restrictions prior to reporting and filing a lawsuit.

87. Upon information and belief, Defendant Supervisor Dunn, hired Deputy Supervisor Terri Kowal to harass Plaintiff, interfere with his job, and to retaliate against him.

88. Defendant Supervisor Dunn allows and encourages Deputy Supervisor Kowal to make demeaning and condescending comments to and about Plaintiff.

89. Defendants have encouraged department heads to flood Plaintiff with requests in an attempt to keep Plaintiff from completing his work.

90. Defendant Pozzi has continually sought to discuss Plaintiff as an employee during Board Meeting open sessions when the same is not on the agenda.

91. Defendant Supervisor Dunn has failed to and refused to stop Defendant Pozzi from doing so, despite regularly stopping this practice consistently in the past as it related to other employees.

92. Defendants have continually made misrepresentations about Plaintiff, both personally and professionally.

93. A new Township Supervisor was elected and continued the same discrimination and retaliation against Plaintiff.

94. The Supervisor had clearly planned to take these discriminatory/retaliatory actions and had spoken with others regarding the same prior to taking office.

95. The Supervisor included a proposed add-on to the November 24, 2020 Agenda, his first meeting as Supervisor, to dissolve the Human Resources Director – Legal Counsel Position.

Document received by the MI Macomb 16th Circuit Court.

96. The Supervisor also included proposed add-ons to the Agenda: to "Initiate Recruitment for Human Resources Director;" "Authorize the Purchasing Specialist to execute RFP for Legal Counsel;" and "Authorize the Supervisor to hire Interim Legal Counsel."

97. The Board voted to approve the Agenda and its add-ons.

98. The Board voted to approve to "Dissolve the Human Resources Director – Legal Counsel Position;" "Initiate Recruitment for Human Resources Director;" "Authorize the Purchasing Specialist to execute RFP for Legal Counsel;" and "Authorize the Supervisor to hire Interim Legal Counsel."

99. The Supervisor stated that the HR Manager would perform the HR duties and did not maintain Plaintiff Esordi in the position of HR Director, thereby illegally terminating Plaintiff Esordi and not eliminating a position.

100. The Supervisor stated that interim counsel needed to be appointed becuase there were legal matters that needed to be addressed ASAP and did not maintain Plaintiff Esordi in the position of General Counsel, thereby illegally terminating Plaintiff Esordi and not eliminating a position.

101. The Board approved interim legal counsel suggested by the Supervisor from Bodman PLC at $350 per hour instead of keeping Plaintiff Esordi in the position.

102. No "just cause" was considered for the termination of Plaintiff Esordi as required under his Employment Contract.

103. No "just cause" was established for the termination of Plaintiff Esordi as required under his Employment Contract.

104. No Loudermill hearing was noticed.

105. No Loudermill hearing was conducted.

Document received by the MI Macomb 16th Circuit Court.

106. Plaintiff Esordi was terminated without due process.

107. Plaintiff was terminated without a proper hearing or meaningful opportunity to respond to the reasons for his termination.

108. Plaintiff Esordi has suffered an unjust loss or injury by Defendants' actions including, but not limited to, loss of employment and employment opportunities, loss of past and future employment income and fringe benefits, mental and emotional distress and the physical effects thereof.

**COUNT I - VIOLATION OF THE MICHIGAN WHISTLEBLOWER'S PROTECTION ACT**

109. Plaintiff Esordi incorporates by reference herein the allegations contained in the foregoing paragraphs.

110. Plaintiff Esordi's reports of violations and/or suspected fraud, and misappropriation of Defendant Supervisor Dunn to the DOJ and Macomb Township constitute protected activity under Michigan's Whistleblower Protection Act, MCLA § 15.361, *et seq*.

111. Plaintiff Esordi's reports of violations and/or suspected extortion and/or blackmail of Defendant Supervisor Dunn by other Board Members and Township Union Officials, including but not limited to Township Clerk, Kristi L. Pozzi and the Parks & Recreation Director, Salvatore DiCaro, to the DOJ and Macomb Township constitute protected activity under Michigan's Whistleblower Protection Act, MCLA § 15.361, *et seq*.

112. Defendants violated Michigan's Whistleblower Protection Act by intentionally discriminating against Plaintiff Esordi as described herein regarding the terms, benefits, conditions and privileges of employment because he reported a violation or suspected violation



Document received by the MI Macomb 16th Circuit Court.

of a law, regulation, or rule of the State or Michigan and/or of the United States or a political subdivision of the State or Michigan and/or of the United States to a public body.

113. As a direct and proximate result of Defendants' violation of Michigan's Whistleblower Protection Act, Plaintiff Esordi has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

114. As a further direct and proximate result of Defendants' violation of Michigan's Whistleblower Protection Act, Plaintiff Esordi has been placed in financial distress; he has suffered a loss of earnings and benefits, he has suffered a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Esordi asks that this Honorable Court grant the following remedies:

a. declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of Michigan's Whistleblower Protection Act;

b. reinstate Plaintiff to his position with appropriate salary and benefits;

c. award Plaintiff all lost wages, past and future, to which he is entitled;

d. award Plaintiff compensatory damages;

e. award Plaintiff exemplary damages;

f. award Plaintiff reasonable attorney fees, costs and interest; and

g. award such other legal and equitable relief as this Court deems just and proper.

Document received by the MI Macomb 16th Circuit Court.

**COUNT II**
**VIOLATION OF MICHIGAN PUBLIC POLICY**

115. Plaintiff Esordi incorporates by reference herein the allegations contained in the preceding paragraphs.

116. An employee's discharge violates Michigan's public policy if any one of the following occurs: (1) the employee is discharged in violation of an explicit legislative statement prohibiting discharge of employees who act in accordance with a statutory right or duty; (2) the employee is discharged for the failure or refusal to violate the law in the course of employment; or (3) the employee is discharged for exercising a right conferred by a well-established legislative enactment.

117. Plaintiff Esordi was protected from discipline, adverse treatment or termination by Defendants under Michigan's public policy which protects public employees, such as Plaintiff Esordi, from dismissal from employment for reporting or about to report violations of the standards of conduct for public officers and employees as set forth in the Standards of Conduct Act, MCLA § 15.341, *et seq*.

118. As a direct and proximate consequence of Plaintiff Esordi's reports as set forth herein, Defendants retaliated against Plaintiff, as described herein, by voting to terminate his employment.

119. Defendants' retaliation against and votes to terminate Plaintiff's employment was a violation of the public policy of the State of Michigan, including a violation of the Standards of Conduct Act, MCLA § 15.341, *et seq*.

120. Defendants retaliated against and voted to terminate Plaintiff in whole or in part because of his conduct in conformance with the public policy of the State of Michigan *to-wit*, his

Document received by the MI Macomb 16th Circuit Court.

reports or about to reporting of violations of the standards of conduct for public officers and employees as set forth in the Standards of Conduct Act, MCLA § 15.341, *et seq*.

121. As a direct and proximate result of Defendants' violation of public policy, Plaintiff Esordi has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

122. As a direct and proximate result of Defendants' violation of public policy, Plaintiff Esordi has been placed in financial distress; he has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

WHEREFORE, Plaintiff Esordi asks that this Honorable Court grant the following remedies:

a. declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in violation of Michigan's Whistleblower Protection Act;

b. reinstate Plaintiff to his position with appropriate salary and benefits;

c. award Plaintiff all lost wages, past and future, to which he is entitled;

d. award Plaintiff compensatory damages;

e. award Plaintiff exemplary damages;

f. award Plaintiff reasonable attorney fees, costs and interest; and

g. award such other legal and equitable relief as this Court deems just and proper.

Document received by the MI Macomb 16th Circuit Court.

**COUNT III**
**BREACH OF CONTRACT**

123. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth in full herein.

124. Defendants at all times material hereto, maintained a written Employment Contract with Plaintiff Esordi requiring just cause for discipline or termination.

125. Throughout the course of his employment with Defendants, Plaintiff relied on the terms and conditions of his contract, which provided that he would not be disciplined or terminated without just cause.

126. The Employment Contract created a reasonable expectation of continued employment in Plaintiff Esordi and other employees of Defendants.

127. Contrary to the Employment Contract, Plaintiff Esordi was disciplined and a vote to terminate him was passed without cause.

128. As a direct and proximate result of Defendants' breach of the Employment Contract, Plaintiff Esordi has suffered bodily injury, emotional and physical distress, mental and physical anguish, feelings of depression, loss of reputation, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

129. As a direct and proximate result of Defendants' breach of the Employment Contract, Plaintiff Esordi has been placed in financial distress (while not yet suffering a loss of earnings and benefits), he has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to obtain legal services in order to bring this lawsuit and will suffer additional damages in the future.

Document received by the MI Macomb 16th Circuit Court.

WHEREFORE, Plaintiff Esordi asks that this Honorable Court grant the following remedies:

a. declare that the aforementioned practices and actions of Defendants constitute unlawful employment practices in breach of Employment Contract;

b. reinstate Plaintiff to his position with appropriate salary and benefits;

c. award Plaintiff all lost wages, past and future, to which he is entitled;

d. award Plaintiff compensatory damages;

e. award Plaintiff exemplary damages;

f. award Plaintiff reasonable attorney fees, costs and interest; and

g. award such other legal and equitable relief as this Court deems just and proper.

**COUNT IV – RETALIATION IN VIOLATION OF MICHIGAN'S WHISTLEBLOWER'S PROTECTION ACT / PUBLIC POLICY**

109. The allegations set forth in paragraphs above are incorporated by this reference.

110. After filing a Complaint with claims of violation of Michigan's Whitstleblower's Protection Act, Public Policy, and Breach of Contract, Plaintiff was subject to retaliation and further violations of the law by Defendants and their agents, servants and/or employees, including, but not limited to:

a. Continuing and increased comments and conduct;

b. Failing to return Plaintiff to work with his full duties;

c. Removing duties and privileges from Plaintiff;

d. Failing to return Plaintiff to work in a manner the same as prior to filing his lawsuit;

e. Threats and intimidation;

Document received by the MI Macomb 16th Circuit Court.

f. Harassment;

g. Undermining Plaintiff's authority;

h. Failing/Refusing to support Plaintiff in his position;

i. Interfering with Plaintiff's work;

j. Public shunning of Plaintiff; and

k. Terminating Plaintiff.

111. During the time Plaintiff was employed by Defendant, Plaintiff made a report of violations and/or suspected fraud, and misappropriation of Defendant Supervisor Dunn to the DOJ and Macomb Township, violations and/or suspected extortion and/or blackmail of Defendant Supervisor Dunn by other Board Members and Township Union Officials, including but not limited to Defendant Township Clerk, Kristi L. Pozzi to the DOJ and Macomb Township constituting protected activity under Michigan's Whistleblower Protection Act, MCLA § 15.361, *et seq*., and violations of the standards of conduct for public officers and employees as set forth in the Standards of Conduct Act, MCLA § 15.341, *et seq*..

112. Plaintiff was subjected to discrimination, harassment, termination and other retaliatory acts by Defendants and their agents, servants and/or employees in retaliation for his reporting violations and having complained about the same described above, in violation of Michigan's Whistleblower Protection Act, MCLA § 15.361, *et seq*. and/or Michigan's Public Policy.

113. As a direct and proximate result of Defendant's and its agents, servants and/or employees retaliation in violation of the Elliott Larsen Civil Rights Act, Plaintiff has suffered bodily injury, feelings of depression, loss of standing in the community and among his peers and family,

Document received by the MI Macomb 16th Circuit Court.

emotional and physical distress, mental and physical anguish, humiliation and embarrassment and the physical manifestations thereof, and will so suffer in the future.

114. As a further direct and proximate result of Defendant and its agents, servants and/or employees retaliation, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful employment practices in violation of the Michigan's Whistleblower Protection Act, MCLA § 15.361, *et seq*. and/or Michigan Public Policy;

b. Award Plaintiff all lost wages, past and future, to which he is entitled;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff reasonable attorney's fees, costs, and interest;

e. Award such other relief as this Court deems just and proper.

**COUNT V – DENIAL OF DUE PROCESS IN VIOLATION OF 42 U.S.C.A. § 1983**

115. Plaintiff repeats and realleges the allegations set forth in the foregoing paragraphs as though set forth in full herein.

116. This action is brought pursuant to 42 U.S.C. § 1983 against Defendants for depriving Plaintiff of his constitutionally protected property interest in continued employment absent a pre-termination hearing, under color of law, in violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

117. Plaintiff enjoyed a constitutionally protected property interest in continued employment.

Document received by the MI Macomb 16th Circuit Court.

118. The Board of Trustees' acts represent official policy of Defendant Macomb Township and are attributable to Defendant Macomb Township.

119. Acting under color of law, Defendants promulgated and carried out the official policies, orders, and directives described above intentionally and deliberately, with wanton and reckless disregard for the civil and constitutional rights, privileges and sensibilities of Plaintiff, including the fundamental right to due process of law and other applicable provisions of the United States Constitution.

140. Defendants' callous disregard of Plaintiff's rights rises to the level of deliberate indifference.

120. By promulgating and carrying out the policies, orders, and directives described above, Defendants have unlawfully violated Plaintiff's constitutional rights.

121. Acting under color of law and pursuant to their authority as Board of Trustee Members, Defendants terminated Plaintiff from his employment.

122. Before depriving Plaintiff of his constitutionally protected property interest in continued employment, Defendants did not conduct a pre-termination hearing or otherwise afford Plaintiff notice of the grounds for his termination and a meaningful opportunity to respond.

123. Defendants' actions in depriving Plaintiff of his constitutionally protected property interest in continued employment absent a pre-termination hearing or other notice of the grounds for his termination and an opportunity to respond abridges his right to due process of the law in violation of the Fourteenth Amendment to the United States Constitution.

124. At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

Document received by the MI Macomb 16th Circuit Court.

125. Defendants are not entitled to governmental or qualified immunity.

126. As a direct and proximate result of Defendants' wrongdoing, Plaintiff has sustained loss of earnings and earning capacity, past and future lost earnings, the value of fringe and pension benefits, loss of job and career opportunities, damage to his good name and reputation in the community, mental and emotional distress, humiliation and embarrassment, loss of the enjoyment of the ordinary pleasures of everyday life, and loss of the ability to pursue employment of choice.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following remedies:

a. Declare pursuant to 28 U.S.C. § 2201 that the aforementioned practices and actions of Defendants were unlawful and violative of the rights of Plaintiff in violation of the U.S. Constitution and 42 U.S.C. § 1983;

b. Preliminary and permanent injunctive relief reinstating Plaintiff to his employment pending the conduct of a pre-termination hearing or other actions of Defendants affording him all the process due him under the circumstances;

c. Award Plaintiff all lost wages, past and future, to which he is entitled;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonable attorney's fees, costs, and interest;

g. Award such other relief as this Court deems just and proper.

Respectfully submitted,

BOGAS & KONCIUS P.C.

By: /s/Brian E. Koncius
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025

Document received by the MI Macomb 16th Circuit Court.

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB**

THOMAS D. ESORDI,

Plaintiff,

-v-

Case No. 20-001432-CD
Judge: James M. Maceroni

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities,

Defendants.
_______________________________________/

BOGAS & KONCIUS P.C.
BRIAN E. KONCIUS (P69278)
*Attorneys for Plaintiff*
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000
office@kbogaslaw.com

GARAN LUCOW MILLER, P.C.
JOHN J. GILLOOLY (P41948)
*Attorney for Defendant Macomb Township, Only*
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
(313) 446-5501
jgillooly@garanlucow.com

ALOIA & ASSOCIATES, P.C.
BENJAMIN J. ALOIA (P54424)
TIMOTHY G. ORLANDO (P41673)
JEFFREY M. CANDELA (P78309)
Attorneys for Defendant, Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law

KERR RUSSELL and WEBER, PLC
LAURI B. STEWART (P55014)
*Attorney for Defendant Kristi L. Pozzi, Only*
500 Woodward Avenue, Suite 2500
Detroit, MI 48226
(313) 961-0200
lstewart@kerr-russell.com

PLUNKETT COONEY
AUDREY J. FORBUSH (P41744)
*Attorney for Defendant Janet I. Dunn, Only*
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
(810) 342-7014
aforbush@plunkettcooney.com

Document received by the MI Macomb 16th Circuit Court.

_______________________________________________________________/

**DEMAND FOR JURY TRIAL**

Plaintiff, THOMAS D. ESORDI, by and through his attorneys hereby demands a trial by jury of the issues in the above-captioned cause of action.

BOGAS & KONCIUS P.C.

By: /s/Brian E. Koncius
BRIAN E. KONCIUS (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
(248) 502-5000

DATED: March 1, 2021

**CERTIFICATE OF SERVICE**

STATE OF MICHIGAN )
) SS
COUNTY OF OAKLAND )

BRIAN E. KONCIUS, hereby certify that on March 1, 2021 I electronically filed the foregoing documents with the Clerk of the Court using the ECF System which will send notification of such filing to the following: John J. Gillooly (P41948) of Garan Lucow Miller, PC, Benjamin J. Aloia (P54424), Timothy G. Orlando (P41673), and Jeffrey M. Candela (P78309) of Aloia & Associates, P.C., Audrey J. Forbush (P41744) of Plunkett Cooney and Lauri B. Stewart (P55014) of Kerr Russell and Weber, PLC.

/s/BRIAN E. KONCIUS
BRIAN E. KONCIUS (P69278)
Bogas & Koncius, PC
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
Phone: (248) 502-5000
E-mail: office@kbogaslaw.com

Document received by the MI Macomb 16th Circuit Court.

# Exhibit A

EMPLOYMENT AGREEMENT BETWEEN
THE TOWNSHIP OF MACOMB AND THOMAS D. ESORDI

**THIS AGREEMENT** made this 1st day of January, 2017, by and between the Township of Macomb, a Michigan municipal corporation ("Township") and Thomas D. Esordi ("Employee)

**WITNESSETH:**

**WHEREAS**, the Township is a Michigan municipal corporation created pursuant to and acting in accordance with the constitution and statues of the State of Michigan; and

**WHEREAS**, the Township has offered and the Employee has accepted the position of Human Resources Director/General Counsel for the Township; and

**WHEREAS**, the Township and Employee desire to set forth the terms and conditions which will govern the Employee's employment with the Township;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises herein contained, the Township and Employee agree as follows

1. **Non-Union Position.**

The position of Human Resources Director/General Counsel is a confidential position, and therefore, exempt from collective bargaining purposes.

2. **Duties and Supervision.**

The Employee, under the general direction of the township Supervisor, will manage the day to day legal representation of the Township and manage the responsibilities of the Human Resources Department and exercise direct supervision over all legal matters and the Human Resources Department. The Employee will administer the policies and programs as adopted by the Township Board of Trustees in the operation of the Human Resources Department.

The Employee, as general counsel, under the general direction of the Township Supervisor will oversee all legal matters involving, or potentially involving, the Township. Employees duties shall be those required of and owed by an attorney to a client in the State of Michigan; such duties will include, but not be limited to:

a. the application of all Federal and State laws and regulations governing the relationship of the Township with its employees;

b. labor negotiations, grievance proceedings and all related matters including, but not limited to, mediations and arbitrations.

c. supervision of district court prosecutions and all related matters including selection and retention of outside counsel to handle day to day proceedings;

d. regularly occurring legal matters of the Township, including litigation matters;

e. regularly review and approval of the activities and billings of outside retained counsel for the purpose of containing legal costs and expenses.

The Employee in his capacity as General Counsel shall have the authority and duty, under the general direction of the Township Supervisor to contract with outside legal counsel when, in the Employees exercise of his/her legal discretion, such arrangement is in the best interest of the Township and/or legally required. Such retentions will be subject to Board review. The Board shall not unreasonably restrict or deny General Counsel's choices of outside retained counsel.

The Employee shall also be responsible for the administration, operation and general efficiency of the Human Resources Department and may be called upon to do any or all of the following duties:

a. Plan and direct the development and administration of human resource policies, rules and regulations affecting all personnel and services including employment compensation benefits, union relations, staff development, equal opportunity, nondiscrimination, counseling, safety and personnel systems and records.

b. Plan and direct the development and administration of compensation programs. Maintain an orderly system of job classifications. Review requests for job reclassification, and make appropriate recommendations to the Township Supervisor and Board.

c. Coordinate benefit activities such as those concerned with communicating of employee benefits, benefit provider selection, and troubleshooting employee problems in the benefit area. Analyze statistical data, and research descriptive date, including cost containment to determine trends

d. Coordinate and direct Township compliance with the Americans with Disabilities Act, Family and Medical Leave Act, Anti-Discrimination Laws, and other federal and/or state directives

e. Administer contractual agreements with all Township personnel and advise Department Heads on the interpretation of all contractual agreements.

f. Administer the personnel program for all Township employees and any employees hired pursuant to Federal, State, or local programs and/or grants.

g. Plan and conduct new employee orientation to foster positive attitudes toward public service employment

h. Assist in the development and administration of policies and procedures for selection, transfer, and promotion.

i. Prepare and update all job descriptions, departmental personnel forms and departmental manuals.

j. Administer all personnel and attendance records for Township employees

k. Participate in the negotiation and administration of collective bargaining agreements including the interpretation and application of union contracts, and grievance and arbitration procedures.

l. Administer disciplinary procedures; advise Department Heads and supervisory personnel regarding appropriate disciplinary action to insure consistency and appropriateness of discipline. Draft disciplinary changes for serious misconduct and participate in disciplinary review meetings at which charges are presented.

m. Represent the administration as necessary in grievance proceedings.

n. Plan, prepare and administer the budget for the Human Resources Department

o. Appear before the Township Board when requested, and perform other related duties as directed by the Township Supervisor and/or Township Board

The Employee will perform all other duties that may be required pursuant to the express and implied terms of this agreement or where directed by the Township Supervisor or Board of Trustees.

3. **Compensation.**

The Employees compensation will be One Hundred Fifty Thousand and 00/100 ($150,000.00) Dollars per year payable in equal bi-weekly installments less State and Federal withholding and other applicable deductions.

4. **Benefits.**

Employee shall receive those benefits as described on the Summary of Benefits attached as Exhibit A.

5. **Annual Review.**

Employee's performance and compensation will be reviewed by the Board or an appointed committee of the Board on an annual basis.

6. **Just Cause.**

The township and Employee agree that all disciplinary action or discharge shall be for just cause and that disciplinary action shall be progressive except where Employee's misconduct warrants immediate discharge.

7. **Drugs, Alcohol Free Workplace.**

The Employee acknowledges and understands that the Township is a drug/alcohol free workplace and the Employee agrees to abide by the Township's drug/alcohol policy. The Employee will execute an acknowledgment of receipt of policy and acknowledge consent to testing.

8. **Modification.**

Modification of the Employment Agreement shall be of no force or effect unless first approved by the Township Board of Trustees and contained in a written document signed by the Township Supervisor, Clerk and the Employee. Any modification to the Employment Agreement shall be attached to the Agreement and maintained in the Employees personnel file.

9. **No Oral Agreements.**

No modification shall be deemed effective unless in writing. There are no representations or collateral agreements or oral agreements whatsoever and no implied warranties or conditions or stipulations of any kind between the employee and the Township are contained herein.

10. **Governing Law.**

This Agreement and performance hereunder shall in all respects be governed and interpreted by the laws of the State of Michigan.

11. **Severability.**

The invalidity of any provision or obligation hereunder, or the contravention thereby of any law, rule or regulation shall not relieve the Employee or Township from its obligations nor deprive either the Employee or the Township of the advantages contained in any other provision of this Agreement.

12. **Professional Insurance and Dues.**

To the extent the Township is advised by its insurance providers and chooses Employee to maintain professional malpractice insurance, the Township shall pay for (including reimbursement if circumstances dictate) for the same.

The Township shall be responsible for payment of the Employee's State of Michigan Bar dues.

13. **Professional Flexibility Clause.**

It is understood and agreed that in his capacity of a member in good standing of the State Bar of Michigan that the employee is not prevented from providing legal services to other clients provided that such representation does not conflict with his primary obligations under this contract and that such representation is reported to and approved by the Supervisor.

14. **Notice.**

Any notice required to be given in writing under this Agreement shall be deemed given when personally delivered, or when mailed to the other party by prepaid certified mail at the address specified for each party herein, or at such other address as shall hereinafter be designated by written notice of either party.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

TOWNSHIP OF MACOMB
A Michigan municipal corporation

Janet Dunn, Supervisor

Kristi L. Pozzi, Clerk

Thomas D. Esordi, Employee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS D. ESORDI,

Plaintiff,

v.

Case No:
Judge
Magistrate

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities;

Defendants.

**AFFIDAVIT**

---


Brian E. Koncius (P69278)
BRIAN E. KONCIUS, P.C.
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
248.502.5000
office@kbogaslaw.com

Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Janet I. Dunn
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
810.342.7014
aforbush@plunkettcooney.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Kristi L. Pozzi
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-5499
313.961.0200
lstewart@kerr-russell.com

John J. Gillooly (P41948)
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for Macomb Township
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
kgriffith@garanlucow.com

Benjamin J. Aloia (P54424)
Timothy G. Orlando (P41673)
Jeffrey M. Candela (P78309)
ALOIA & ASSOCIATES, P.C.
Attorneys for Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law


---

# **AFFIDAVIT**

STATE OF MICHIGAN)
) ss.
COUNTY OF WAYNE )

JOHN J. GILLOOLY, being first duly sworn, deposes and says, that he is associated with the law firm of GARAN LUCOW MILLER, P.C. and that he has been charged with the defense and representation of MACOMB TOWNSHIP, Defendant, herein; that in such capacity he has prepared the foregoing Notice for Removal of Cause to the United States District Court, Eastern District of Michigan, Southern Division, that the matters set forth in said Notice are true except as to those matters stated herein to be upon his information and belief as to which matters he is informed and believes same to be true.

Further deponent sayeth not.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)

Subscribed and sworn to before me
on the 15th day of March, 2021.

/s/Monica Parent
Monica Parent, Notary Public
County of Wayne, State of Michigan
My Commission Expires: 06/28/2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS D. ESORDI,

Plaintiff,

v.

Case No:
Judge
Magistrate

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities;

Defendants.

**PROOF OF SERVICE**

---

Brian E. Koncius (P69278)
BRIAN E. KONCIUS, P.C.
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
248.502.5000
office@kbogaslaw.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Kristi L. Pozzi
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-5499
313.961.0200
lstewart@kerr-russell.com

Benjamin J. Aloia (P54424)
Timothy G. Orlando (P41673)
Jeffrey M. Candela (P78309)
ALOIA & ASSOCIATES, P.C.
Attorneys for Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law

Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Janet I. Dunn
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
810.342.7014
aforbush@plunkettcooney.com

John J. Gillooly (P41948)
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for Macomb Township
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
kgriffith@garanlucow.com

---

**PROOF OF SERVICE**

STATE OF MICHIGAN)
) ss.
COUNTY OF WAYNE )

DEBORAH BROSSOIT, being first duly sworn, deposes and says that she is employed by GARAN LUCOW MILLER, P.C., and that on the 15th day of March, 2021, she caused to be served a true copy of **NOTICE FOR REMOVAL, AFFIDAVIT and PROOF OF SERVICE** upon the following:

Brian E. Koncius , Esq.
office@kbogaslaw.com

Audrey J. Forbush, Esq,
aforbush@plunkettcooney.com

Lauri B. Stewart, Esq.
lstewart@kerr-russell.com

Benjamin J. Aloia, Esq.
aloia@aloia.law

Timothy G. Orlando, Esq.
aloia@aloia.law

Jeffrey M. Candela, Esq.
aloia@aloia.law

Clerk Assignment
MACOMB COUNTY CIRCUIT COURT
40 N. Main Street
Mt. Clemens, MI 48043

by electronic filing the foregoing paper with the Clerk of the Macomb County Circuit Court using the Mi-File E-File & Serve system.

/s/Deborah Brossoit

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

THOMAS D. ESORDI,

Plaintiff,

Case No. 20-1432-CD
Hon. James M. Maceroni

vs.

MACOMB TOWNSHIP, a Michigan Municipal Corporation, JANET I. DUNN, in her individual and official capacities, and KRISTI L. POZZI, in her individual and official capacities,

Defendants.

---

Brian E. Koncius (P69278)
BRIAN E. KONCIUS, P.C.
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI 48025
248.502.5000
office@kbogaslaw.com

Lauri B. Stewart (P55014)
KERR RUSSELL AND WEBER, PLC
Attorney for Kristi L. Pozzi
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-5499
313.961.0200
lstewart@kerr-russell.com

Benjamin J. Aloia (P54424)
Timothy G. Orlando (P41673)
Jeffrey M. Candela (P78309)
ALOIA & ASSOCIATES, P.C.
Attorneys for Macomb Township
48 South Main Street, Suite 3
Mt. Clemens, MI 48043
586.783.3300
aloia@aloia.law
orlando@aloia.law
candela@aloia.law

Audrey J. Forbush (P41744)
PLUNKETT COONEY
Attorney for Janet I. Dunn
111 E. Court Street, Suite 1B
Flint, MI 48502-1698
810.342.7014
aforbush@plunkettcooney.com

John J. Gillooly (P41948)
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for Macomb Township
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
kgriffith@garanlucow.com

---

**NOTICE OF FILING OF REMOVAL**

**NOTICE OF FILING OF REMOVAL**

**PLEASE TAKE NOTICE** that a Notice of Removal of the entitled action from the Macomb County Circuit Court, State of Michigan, to the United States District Court for the Eastern District of Michigan, a copy of which is attached hereto, was duly filed March 15, 2021, in the United Sates District Court for the Eastern District of Michigan.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/John J. Gillooly
Attorney for Macomb Township
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207
313.446.5501
jgillooly@garanlucow.com
P41948

Dated: March 15, 2021

#4246457

**PROOF OF SERVICE**

The undersigned certified that a copy of the foregoing instrument was electronically filed with the Clerk of the Court using the File and Serve System which will send notification of such filing to all attorneys of record herein on **March 15, 2021**.

/s/Deborah Brossoit