UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas D. Esordi,

    Plaintiff,

v.                                                  Case No. 21-10570

Macomb Township, *et al.*,              Sean F. Cox

                                                       United States District Court Judge

    Defendants.
_____/

**ORDER
DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER ANY STATE-LAW CLAIMS IN THIS ACTION**

    Defendants removed this action from Macomb County Circuit Court, based upon federal-question jurisdiction. Defendants ask the Court to exercise supplemental jurisdiction over several state-law claims asserted in Plaintiff's Second Complaint: (1) Count I – Violation of the Michigan Whistleblower's Protection Act; (2) Count II – Violation of Michigan Public Policy; (3) Count III – Breach of Contract; and (4) Count IV – Retaliation in Violation of Michigan's Whistleblower's Protection Act/Public Policy.

    This Court's subject matter jurisdiction over this case stems from Plaintiff's federal claim: Count V – Denial of Due Process in Violation of 42 U.S.C.A. § 1983. The Court may exercise supplemental jurisdiction over Plaintiff's state-law claims, but supplemental jurisdiction is a "'doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). "[D]istrict courts can decline to exercise supplemental jurisdiction over pendant claims for a number of valid reasons." *City of Chicago, supra.*

District courts should deal with cases involving supplemental jurisdiction in a manner that serves the principles of economy, convenience, fairness, and comity. *Id*. The supplemental jurisdiction statute, 28 U.S.C. § 1367, codifies these principles and provides that district courts may decline to exercise supplemental jurisdiction over a state claim when: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty*., Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

The Court concludes that Plaintiff's state-law claims would predominate over the federal claim asserted in this action. The state-law claims could also raise novel and complex issues of state law.

Accordingly, the Court **DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION** over any state-law claims in this action. As such, the Court **REMANDS Counts One, Two, Three, and Four of Plaintiff's Second Amended Complaint to Macomb County Circuit Court.** The only claim that remains in this Court is Count Five.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: March 23, 2021