UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Thomas Escordi,

    Plaintiff,

v.                                                                    Case No. 21-10570

Macomb Township, *et al.*,                          Sean F. Cox
                                                                        United States District Court Judge
    Defendants.
_____/

## OPINION & ORDER
## DENYING MACOMB TOWNSHIP'S MOTION TO DISQUALIFY

In April of 2020, Plaintiff Thomas Escordi commenced litigation against Defendant Macomb Township, and two of its officials, in state court. One federal claim is now proceeding here in federal court and the rest are in state court. Plaintiff was represented in both actions by attorney Brian Koncius but Plaintiff apparently terminated him shortly before the already-extended discovery deadline in this federal case. Plaintiff replaced him with attorney Albert Addis of Michigan Justice, PLLC, who upon entering the case filed a motion asking to extend the scheduling order dates for 120 days. While a number of motions are pending in this case, the matter is currently before the Court on Macomb Township's Motion to Disqualify Addis and his firm. Given the nature of that motion, it needs to be ruled upon before the Court hears and decides the remaining motions. The parties have briefed the issues and the Court heard oral argument on the disqualification motion on May 19, 2022. For the reasons set forth below, the Court DENIES the Township's motion seeking to disqualify Mr. Addis and his firm from serving as Plaintiff's counsel in this case.

## BACKGROUND

On or about April 21, 2020, Plaintiff Thomas Escordi ("Plaintiff" or "Escordi") filed suit against the following Defendants in state court: 1) Macomb Township ("the Township"); 2) Janet Dunn, Supervisor and Member of the Board of Trustees that governs the Township ("Dunn"); and 3) Kristi Pozzi, Clerk and a member of the Board of Trustees that governs the Township ("Pozzi").  The action proceeded in state court, with Plaintiff being represented by attorney Brian Koncius.

Plaintiff's state-law claims are: 1) breach of contract (that he was terminated in violation of the terms of his employment agreement); 2) a claim that Plaintiff was fired in violation of Michigan's public policy (because he was terminated for having reported unethical or criminal conduct of township officials); and 3) a claim that Plaintiff was retaliated against, in violation of Michigan's Whistleblower's Protection Act and Public Policy (again, for having reported improper conduct of township officials).

On March 1, 2021, Plaintiff filed a Second Amended Complaint, that included the same state-law claims he asserted in his first two complaints but added one federal claim.

On March 15, 2021, the action was removed to federal court based upon federal-question jurisdiction over Count V of Plaintiff's Second Amended Complaint – "Denial of Due Process in Violation of 42 U.S.C.A. § 1983."  This Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, that had already been proceeding in state court for more than a year, and those claims were remanded back to Macomb County Circuit Court.  Thus, Plaintiff's § 1983 due process claim (Count V) is the only claim in this federal action.  In Count V, Plaintiff alleges a claim under 42 U.S.C. § 1983 against Defendants, for depriving Plaintiff of his

constitutionally protected property interest in continued employment without a pre-termination hearing.

The original Scheduling Order in this case provided that: 1) witness lists were to be filed by November 29, 2021; 2) discovery was to close on December 29, 2021; and 2) dispositive motions were to be filed by January 31, 2022. (ECF No. 13).

On November 11, 2021, Defendant Dunn filed a Witness List in this case that identified "Al Addis, former Township attorney" as a witness in this case. (ECF No. 14 at 3).

At the parties' request, the Court adjourned the scheduling order dates in this case and: 1) extended the date for filing witness lists to February 28, 2022; 2) extended the discovery cutoff to March 29, 2022; and 3) extended the deadline for filing dispositive motions until May 2, 2022. (*See* 12/14/21 Text-Only Order).

On February 4, 2022, the Township filed a summary judgment motion, challenging the sole remaining claim in this case.

On February 21, 2022, the Township filed a witness list in this case that includes "Al Addis, former Macomb Township attorney." (ECF No. 20 at 4). Although the witness lists were due on February 28th, Plaintiff has not filed a witness list in this case. It does not appear that Defendant Pozzi filed one either.[1]

On March 17, 2022, Plaintiff terminated his attorney and hired new counsel in this case, Albert Addis of Michigan Justice, PLLC. On March 18, 2022, this Court issued an Order substituting Michigan Justice and Addis as counsel for Plaintiff.

---

[1] Defendant Pozzi failed to file a timely answer and recently sought to leave to file an answer, which Plaintiff (through Addis) agreed she could do. Thus, that motion was resolved.

On April 1, 2022, Mr. Addis filed a "Motion To Reopen And/Or Extend Discovery Deadlines" in this case, asking this Court to extend all dates in this case by 120 days. (ECF No. 32).

On April 7, 2022, the Township filed its "Motion To Disqualify Albert Addis and Michigan Justice, PLLC As Plaintiff's Counsel." (ECF No. 35).

On May 2, 2022, Defendants Pozzi and Dunn each filed a dispositive motion challenging Plaintiff's sole federal claim in this case.

## ANALYSIS

There are several motions pending in this matter, some that have been fully briefed (such as the Township's summary judgment motion, that was responded to by Addis on behalf of Plaintiff), and others that have been filed but have not been fully briefed (such as Plaintiff's motion seeking to reopen and extend discovery and dispositive motions filed by Defendants Pozzi and Dunn). Before addressing any other motion, however, this Court will address and rule upon the Township's Motion to Disqualify Albert Addis and Michigan Justice PLLC as Plaintiff's Counsel. That is because "the success of a disqualification motion has the potential to change the proceedings entirely." *Bowers v. Ophthalmology Group*, 733 F.3d 647, 654 (6th Cir. 2013). "This is especially important when a district court rules on a Rule 56 motion for summary judgment. The reason is simple: if counsel has a conflict from previously representing the party seeking disqualification, as [is] alleged in the present case, there is a risk that confidential information could be used in preparing or defending the motion for summary judgment in violation of *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio,* 900 F.2d 882 (6th Cir. 1990), or the relevant state rules of professional conduct." *Id*. Accordingly,

this Court will decide the Motion for Disqualification before considering any other motions in this case because if Addis "is disqualified, [this] court should not reach the other questions or motions presented to it through the disqualified counsel." *Bowers*, 733 F.3d at 654.

As the movant, the Township bears the burden of proving that opposing counsel should be disqualified. *MJK Family LLC v. Corporate Eagle Mgmt. Servs.*, 676 F.Supp.2d 584, 592 (E.D. Mich. 2009).

A district court's ruling on a motion to disqualify counsel is reviewed for abuse of discretion. *Grain v. Trinity Health*, 431 F. App'x 434, 445 (6th Cir. 2011). District courts "must be vigilant in reviewing motions to disqualify counsel as 'the ability to deny one's opponent the services of capable counsel [ ] is a potent weapon'" 'that can be 'misused as a technique of harassment.'" *Moses v. Sterling Commerce (America), Inc.*, 122 F. App'x 177, 183 (6th Cir. 2005) (citations omitted).

The decision whether to disqualify an attorney generally turns on the "peculiar factual situation at hand." *In re Mechem*, 880 F.2d 872, 874 (6th Cir. 1989). Findings of fact regarding the disqualification of counsel are reviewed under a standard of clearly erroneous. *Id.* While an evidentiary hearing is not required, the Court's factual inquiry needs to be conducted in a manner that allows appellate review. *General Mill Supply Co. v. SCA Servs.*, 697 F.2d 704, 710 (6th Cir. 1982). Here, neither side has requested an evidentiary hearing. Rather, they have submitted deposition transcripts, affidavits, and documents in support of their respective positions.

In the Sixth Circuit, a "three-part test for disqualification exists: (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the

5

attorney acquired confidential information from the party seeking disqualification." *Dana Corp.*, 900 F.2d at 889; *see also Bowers*, 733 at 651. Similarly, Michigan Rule of Professional Conduct 1.9(a) provides that: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

A district court "should only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety actually occurred.'" *Moses,* 122 F. App'x at 183-83. (citation omitted).

The first factor is whether a past attorney-client relationship existed between the party seeking disqualification (the Township) and the attorney it seeks to disqualify (Addis).

The Township's motion states that Addis's former firm (APA Law) and his current firm (Michigan Justice) billed the Township $367,026.50 and the Township asserts that Addis and his current firm handled a variety of matters for the Township on topics including prosecutions and general municipal legal issues. As to this first factor, "Mr. Addis and Michigan Justice PLLC admit to a past attorney/client relationship" with the Township. (Pl.'s Br. at 7). Thus, it is undisputed that Addis previously did legal work for the Township.

The parties' briefs also appear to recognize that most of work legal work previously done by Addis for the Township is completely unrelated to the issues presented in this litigation. (*See* Pl.'s Br. at 7) ("Plaintiff submits that local prosecutions and the nature of the files that Albert Addis worked on have no relationship to the subject matter of this action."); Def.'s Reply Br. at 2 ("At issue here is not the previous unrelated work that Addis did for the Township.")

(emphasis in original).

Rather, the Township's motion is based upon limited and specific legal work that it contends that Addis performed for the Township when Plaintiff had a conversation with Addis in October of 2019, about disclosures that had allegedly been made to Plaintiff by Dunn. The Township contends that Plaintiff was acting in his capacity as the Township's Human Resources Director/General Counsel when Plaintiff "sought legal advice from Addis on what to do as a result of Supervisor Dunn's alleged admission to him" about illegal or unethical conduct she had engaged in "and Addis gave him advice to inform the U.S. Department of Justice." (Pl.'s Reply Br. at 2). The Township states that "Plaintiff testified he did inform the DOJ after receiving this advice from Addis." (*Id.*).

The parties disagree as to whether Addis gave that advice to Plaintiff, about Dunn's alleged admissions to Plaintiff, as an attorney for the Township or as Plaintiff's own counsel. The Township contends that "while Plaintiff was employed as the Township's Human Resources Director/General Counsel, he solicited attorney-client privileged legal advice from Addis for the benefit of the Township" about "the alleged disclosures made by co-Defendant Janet Dunn to Plaintiff; and Addis, in his capacity as a Township attorney, advised Plaintiff how the Township should handle this legal issue." (Def.'s Br. at 4-5).

Addis acknowledges that he had a conversation with Plaintiff in October of 2019, but contends that he was not asked to provide any legal services or give any legal advice for the benefit of the Township. Addis states that he and Plaintiff are friends and colleagues, who previously worked together at two law firms, and that "Escordi merely discussed with Addis a perceived personal dilemma involving a lawyer's duty to report a felony admitted to him outside

7

the attorney/client relationship." (Pl.'s Br. at 2). Addis contends that, "[a]s Mr. Escordi explained at his deposition, the answers he sought from Mr. Addis were for himself personally, not for the Township." (*Id*.). In response to the motion, Addis provided an Affidavit stating that: 1) "[i]n October, 2019, I was contacted by phone by Mr. Escordi. He briefly explained to me a conversation with Janet Dunn in which she advised him of activity that was apparently criminal;" 2) in that conversation "Mr. Escordi wondered aloud about possible personal duties he would have to report such an admission to the authorities," and 3) "I communicated to Mr. Escordi that I, personally, would be inclined to report such a conversation, but recommended to him that he should communicate with criminal defense lawyer Michael Rataj and rely upon his representations." (Addis Affidavit at ¶¶ 1-3). Addis contends that, at the time of that conversation, he had not represented the Township in any assigned legal matter for over three months.

The Township takes the position that Plaintiff was seeking legal advice from Addis during that conversation and directs the Court to testimony from Plaintiff wherein he so states. (*See* Pl.'s Sealed Dep. Tr. at 442). During Plaintiff's deposition, the issue of whether Plaintiff sought advice from Addis on behalf of the Township, or on Plaintiff's own behalf, was discussed:

> Q. Did you tell Mr. Addis when Ms. Dunn gave you this information?
> MR. KONCIUS: Objection as to possibly attorney-client privilege.
> BY MS. STEWART:
> Q. Was Mr. Addis your attorney in October 2019?
> A. He was not my attorney, but I believe I can have conversation with an attorney that's subject to the attorney-client privilege.
> MR. KONCIUS: You can.
> MR. ALOIA: Not unless there's a attorney-client relationship it's not privileged.
> MR. ALOIA: And if he's also the Township Attorney that privilege

> belongs to the Township if you're speaking about legal matters involving the Township . . .
> MS. STEWART: Okay. But, Brian, there's no way he could seek an attorney-client relationship with – when he's the Township Attorney with somebody who's doing legal work for the Township. It's not even . . .
> . . . .
> MR. ALOIA: We're talking about Township matters. Okay?
> THE WITNESS: I didn't do it on behalf of the Township, I did it on behalf of myself.

(Pl.'s Sealed Dep. Tr. at 438–440).

Plaintiff's sealed deposition testimony also addressed the advice he sought, and was given, by Mr. Addis:

> Q. So that was my question, did you – after Janet Dunn made this disclosure to you in October of 2019 did you share it with Mr. Addis?
> A. I did in the process of asking for recommendations and advice.
> Q. What recommendations and advice were you looking for?
> A. What I should do as the HR Director and then General Counsel given the fact that I knew this information.
> Q. And what was his advice?
> A. Call the FBI and DOJ.
> . . . .
> Q. Who else did you talk to?
> A. Mike Rataj.
> . . . .
> Q. Did Mr. Addis and/or – excuse me. Did Mr. Addis and Mr. Rataj give you different advice?
> A. No.
> Q. The advice from both of them was to call the FBI and DOJ?
> A. Yes.
>
> . . . .
> Q. Okay. What was the information that you told them?
> A. I told them what Janet had presented to me, what I was concerned about and asked their recommendation as to what I should do as the General Counsel and HR Director.

(Pl.'s Sealed Dep. Tr. at 442-445).

No one claims that there was an assigned legal matter to Addis or his firm relating to the

9

single conversation that Plaintiff had with Addis. There are issues regarding whether an implied relationship could have been formed but the Court need not make such a determination.

Because even assuming that an implied relationship was formed, and Plaintiff sought legal advice from Addis on behalf of the Township during that conversation in October of 2019, the second and third factors of the three-part test are not satisfied at to that very limited work.

The second factor is that the subject matter of the relationship at issue has to be substantially related to the case wherein the disqualification is sought and the third factor is that the attorney (here, Addis) acquired confidential information from the party seeking disqualification.

Contrary to the Township's assertions, Dunn's alleged retaliation for Plaintiff having called the DOJ and reported Dunn's disclosures to them is not the "crux" of Plaintiff's claim in *this case*. (*See* Def.'s Reply Br. at 3) (Arguing that Addis's "advice to call the DOJ and inform them of Supervisor's Dunn's disclosure, and Dunn's alleged retaliation for doing this is the crux of Plaintiff's claims pending before this court and the state court.").

While the subject matter of the advice that Addis gave to Plaintiff may be substantially related to the claims in Plaintiff's *state-law case*, it is not related to the sole federal claim in this case. The *only claim* in this case is Plaintiff's federal due process claim, that Plaintiff had a constitutionally-protected interest in his employment with the Township and that the Township violated his due process rights by terminating him without providing him a pre-termination hearing. The advice that Plaintiff received from Addis has nothing to do with *that claim*.

As Plaintiff stresses in his response brief, the sole claim in this case is Plaintiff's claim "that he was deprived of his legal constitutional rights to due process in his wrongful termination

from Macomb Township. Neither Mr. Addis nor any member of Michigan Justice, PLLC advised the Township in any manner whatsoever regarding the Township's employer/employee relationship with Escordi, or any duties of Escordi to the Township, in his employed capacity" and it is "that termination that is the subject matter of this lawsuit and no one at Michigan Justice, PLLC, including Mr. Albert Addis, received or now hold any confidences from the Township regarding that event." (Pl.'s Br. at 11-12).

Additionally, there is no indication that Addis obtained any confidential information during the course of that very limited representation that would prejudice the Township in this case.

It appears that, in support of motion to disqualify counsel, a client can present confidential information to the reviewing court for an *in camera* inspection. *See Grain v. Trinity Health*, 431 F. App'x 434, 447 n.10 (6th Cir. 2011). The Township has not sought to do that here. Where the client does not wish to reveal any confidential information in pursuing its motion to disqualify, the Sixth Circuit has instructed that the reviewing court "must examine whether there is a substantial risk that confidential information as would normally or typically have been obtained" during the prior representation of the client would "materially advance" the opposing party's position in the present case. *Bowers,* 733 F.3d at 653-54.

Given the very limited nature and scope of the advice sought and received during the course of that single conversation in October of 2019 between Addis and Plaintiff, this Court concludes that there is not a substantial risk that Addis has any confidential information that he obtained from that work that he could use in this matter for the benefit of Plaintiff in this case.

Indeed, despite Plaintiff's response brief stressing the Township's lack of showing any

11

such confidential information could have been obtained during the course of the advice at issue, the Township's Reply Brief glosses over this – asserting "Addis and Plaintiff clearly discussed matters confidential to the Township." (Def.'s Reply Br. at 3).

This Court finds that the Township has also not established that Addis is a necessary witness in this case. Addis may well be a relevant witness in Plaintiff's state case and Plaintiff does not dispute that Plaintiff himself listed Addis as a witness on the witness list he filed in the state-court case.

But again, *the only claim* in this federal case is Plaintiff's due process claim, that Plaintiff had a constitutionally-protected interest in his employment with the Township and that the Township violated his due process rights by terminating him without providing him a pre-termination hearing. What relevant testimony would Addis be able to provide in relation to that claim? The Township has not identified any relevant and necessary testimony that Addis could provide as to the sole claim in this case. Rather, the Township conflates the two cases – arguing Addis should be disqualified "because he is a material witness regarding Plaintiff's decision to call the DOJ (after he discussed it with Addis) and the Township's alleged retaliation against him for it, which is squarely at issue in this case." (Def.'s Reply Br. at 6). There are no retaliation claims or public policy claims in this federal case.

Accordingly, for all of these reasons, this Court finds that the Township has not met its significant burden of establishing that Addis and/or Michigan Justice, PLLC should be disqualified as proceeding as Plaintiff's counsel in this federal case.

## CONCLUSION & ORDER

For the above reasons, the Court ORDERS that the Township's Motion To Disqualify Albert Addis and Michigan Justice, PLLC As Plaintiff's Counsel is DENIED.

IT IS SO ORDERED.

                                                  s/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: May 20, 2022